UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISON

BONITA A. THOMPSON,

    Plaintiff,

v.

CORDOBA LEGAL GROUP, LLC,

    Defendant.

Case No. 0:25-cv-60077

## COMPLAINT

**NOW COMES** BONITA A. THOMPSON ("Plaintiff"), by and through her undersigned counsel, complaining of CORDOBA LEGAL GROUP, LLC ("Defendant") as follows:

### NATURE OF ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the West Virginia General Consumer Protection Act ("WVGCPA"), WV. Code § 46A-6-104 *et seq.,* fraud, negligent misrepresentation, legal malpractice, breach of contract, and breach of fiduciary duty.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains offices and conducts business in the Southern District of Florida.

1

## PARTIES

5. Plaintiff is a natural person and consumer over 18 years of age, who at all times relevant resided in Mount Hope, West Virginia.

6. Defendant is a law firm that purports to help consumers through its offerings designed to "ultimately settl[e] your debt once and for all."[1]

7. Defendant's principal place of business is located at 102 Northeast 2nd Street, Unit 252, Boca Raton, Florida 33432.

## FACTUAL ALLEGATIONS

8. In April 2024, Plaintiff was facing financial hardship.

9. Due to the financial hardship, Plaintiff was unable to keep up with her mounting debt.

10. Accordingly, Plaintiff started searching for debt relief companies that can assist her in resolving her debt and improving her credit.

11. Plaintiff ultimately found Defendant through her search and contacted Defendant to inquire about Defendant's services.

12. During a call with Defendant's agent, the agent represented to Plaintiff that Defendant would be able to: (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; and (2) improve Plaintiff's credit score.

13. Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

---

[1] https://www.cordobalegal.com/practice-area/debt-defense/debt-resolution/ (Last visited January 8, 2025).

14. On April 13, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement program by entering into a contract with Defendant for legal and debt resolution services.

15. Specifically, Plaintiff enrolled a total debt amount of approximately $13,483.

16. Pursuant to the contract, Plaintiff was obligated to make monthly payments of $311.98.

17. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner.

18. During the enrollment period, Plaintiff was repeatedly assured that Defendant was actively communicating with her enrolled creditors and that settlements would be reached in very short order.

19. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

20. Despite Defendant's representations, Plaintiff's credit score did not improve during the enrollment period.

21. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle her outstanding debts and improve her credit.

22. Moreover, Plaintiff relied on Defendant's representation that an accumulation of 25% of the then-current balance of an enrolled debt would enable Defendant to effectively negotiate and work towards resolving her accounts.

23. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced

Plaintiff's continued participation in Defendant's debt settlement and credit improvement program.

24. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with her creditors on her behalf.

25. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

26. Despite Plaintiff paying in no less than $1,240 into Defendant's program, Defendant failed to (1) engage Plaintiff's creditors in settlement discussions; (2) resolve Plaintiff's debts, or (3) improve Plaintiff's credit score.

27. As a result of Defendant's inaction, Plaintiff's creditors continued to hound Plaintiff through harassing collection calls and other collection activity.

28. After regularly making monthly payments over the course of several months, Plaintiff was frustrated upon learning that Defendant failed to address several of her enrolled accounts.

29. Despite Plaintiff's faithful participation in Defendant's program, Defendant inexplicably attempted to increase Plaintiff's monthly payment amount.

30. Having had enough of Defendant's ineffective services and unable to meet Defendant's demand for higher monthly payments, Plaintiff ultimately canceled Defendant's services.

31. Plaintiff suffered significant damages as result of Defendant's misrepresentations and omissions, including: financial losses, increased debt due to interest that accrued on the

enrolled debt, emotional distress, mental anguish, decreased credit score, and deprivation of the money that Plaintiff paid into Defendant's program.

32. Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

33. Plaintiff repeats and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

35. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **a.** **Violations of CROA § 1679b(a)**

36. Section 1679b(a)(3) of the CROA prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization."

37. Section 1679b(a)(4) of the CROA prohibits any person from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

38. Defendant violated §§ 1679b(a)(3) and (4) by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services that it was contractually obligated to provide; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) failing to resolve Plaintiff's debts or improve Plaintiff's credit score; and (5) putting its financial interests ahead of Plaintiff's interests.

39. Further, Defendant violated §§ 1679b(a)(3) and (4) through the deceptive nature of its billing practices.

40. Upon information and belief, Defendant improperly charges consumers and places the funds in an escrow account.

41. Rather than utilize the consumer's funds to resolve enrolled debts, Defendant instead fraudulently drains the funds to satisfy its own fees.

42. Defendant's mismanagement of Plaintiff's savings is further reflected in Defendant's inexplicable increase in Plaintiff's monthly payment amount.

    **b.**     **Violations of CROA § 1679c**

43. Section 1679c of the CROA requires that certain disclosures be provided to consumers, including when and how such disclosures must be provided.

44. Defendant violated §1679c of the CROA by failing to provide the written disclosures required by the CROA in the manner and time required.

    **d.**     **Violations of CROA § 1679d**

45. Section 1679d of the CROA outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the

contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

46. Defendant violated § 1692d(b)(4) of the CROA through its failure to provide the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

47. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

b. An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

c. An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

d. An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

e. Any further relief as this Honorable Court finds to be just and appropriate.

**COUNT II – VIOLATIONS OF THE WEST VIRGINIA GENERAL CONSUMER PROTECTION ACT**

48. Plaintiff restates and realleges all preceding paragraphs as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by WV. Code § 46A-6C-102(2) because she is a natural person that sought and obtained credit repair services for a personal purpose.

50. Defendant and Plaintiff engaged in "trade" or "commerce" as defined by WV. Code § 46A-6C-102(6) because the terms are defined broadly to include the sale and offering for sale of any goods or services which directly or indirectly affect the people of West Virginia.

51. The WVGCPA, pursuant to WV. Code § 46A-6C-104, broadly prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce…"

52. Defendant violated WV. Code § 46A-6C-104 by, inter alia, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services that it was contractually obligated to provide; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) failing to resolve Plaintiff's debts or improve Plaintiff's credit score; and (5) putting its financial interests ahead of Plaintiff's interests.

53. Defendant further violated WV. Code § 46A-6C-104 by implicitly and/or explicitly representing to Plaintiff that its services would improve Plaintiff's credit score when it when it knew that Plaintiff's credit score would decrease due to missed payments.

54. Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

55. Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a timely fashion.

56. As alleged above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the WVGCPA;

b. An award of actual damages pursuant to WV. Code § 46A-6C-104(a);

c. An award of punitive damages;

    d.      An award of Plaintiff reasonable attorney's fees and costs;

    e.      Any further relief the Arbitrator deems just and appropriate.

### COUNT III – FRAUD

57.    Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

58.    The essential elements in an action for fraud are: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." *Quicken Loans, Inc. v. Brown*, 230 W. Va. 306 (2012).

59.    Defendant committed fraud by falsely representing to Plaintiff that it would expeditiously resolve her debts and improve her credit score.

60.    Defendant knew that its debt resolution program could not possibly improve Plaintiff's credit score as it requires Plaintiff to stop making payments to her creditors, which will in turn decrease Plaintiff's credit score.

61.    Plaintiff detrimentally relied on the representations by enrolling in Defendant's debt resolution/credit improvement program and making payments into the program.

62.    Despite making payments into Defendant's debt resolution/credit improvement program, Defendant failed to settle Plaintiff's debts or improve Plaintiff's credit score.

63.    As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff BONITA A. THOMPSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.      A judgment in Plaintiff's favor for fraud;

  b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

  c. Awarding Plaintiff her reasonable attorney's fees and costs; and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – NEGLIGENT MISREPRESENTATION

64. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

65. The elements of negligent misrepresentation are: (1) a duty to provide accurate information, (2) a breach of that duty by providing false information, (3) justifiable reliance on the false information by the plaintiff, and (4) resulting injury or damage to the plaintiff. *Kidd v. Mull*, 215 W. Va. 151 (2004).

66. Defendant made negligent misrepresentations through its conduct in promising Plaintiff that it would (1) promptly communicate with Plaintiff's enrolled creditors, (2) efficiently settle Plaintiff's enrolled debts, and (3) improve Plaintiff's credit score.

67. Further, Defendant implicitly and/or explicitly represented to Plaintiff that its services would improve Plaintiff's credit score when it knew that Plaintiff's credit score would decrease due to missed payments.

68. Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

69. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff BONITA A. THOMPSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

  e. A judgment in Plaintiff's favor for negligent misrepresentation;

  f. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

  g. Awarding Plaintiff's reasonable attorney's fees and costs; and

  h. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT V – LEGAL MALPRACTICE

70. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

71. In West Virginia, to establish a cause of action for legal malpractice based on negligence, a plaintiff must prove the following elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. *Calvert v. Scharf*, 217 W. Va. 684 (2005).

72. Plaintiff and Defendant entered into an attorney-client relationship on April 13, 2024 upon Plaintiff executing a Client Retainer Agreement with Defendant in which Defendant agreed to provide legal representation and debt resolution services to Plaintiff.

73. Defendant owed a professional duty to Plaintiff as a result of this contractual relationship, specifically to negotiate with Plaintiff's creditors and to provide other legal services.

74. The professional duty requires the attorney to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances. *Otto v. Catrow Law PLLC*, 243 W. Va. 709 (2020).

75. Defendant breached its duties as set forth in the Client Retainer Agreement by, *inter alia*, (1) failing to promptly communicate with Plaintiff's enrolled creditors, (2) failing to resolve Plaintiff's enrolled debts, and (3) failing to improve Plaintiff's credit score.

76. As set forth above, Defendant failed to resolve Plaintiff's debts despite having adequate funds to resolve Plaintiff's debts.

77. As set forth above, Plaintiff suffered damages as a result of Defendant's legal malpractice.

**WHEREFORE**, Plaintiff BONITA A. THOMPSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. A judgment in favor of Plaintiff for legal malpractice;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages; and,

d. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT VI – BREACH OF CONTRACT

78. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

79. The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

80. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

81. Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to resolve Plaintiff's debts; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; and (4) putting its financial interests ahead of Plaintiff's interests.

82. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff BONITA A. THOMPSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

e. A judgment in favor of Plaintiff for breach of contract;

f. Awarding Plaintiff actual damages;

g. Award Plaintiff punitive damages; and,

h. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT VII – BREACH OF FIDUCIARY DUTY

83. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

84. Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship.

85. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

86. Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

87. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to resolve Plaintiff's debts; (3) failing to communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; and (4) putting its financial interests ahead of the interests of Plaintiff.

88. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff BONITA A. THOMPSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. A judgment in favor of Plaintiff for breach of fiduciary duty;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees and costs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 13, 2025

Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*